# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KETCH, INC., an Oklahoma Corporation, )
on Behalf of Itself and All Others )
Similarly Situated, )
                                             Plaintiff, )
)
vs. ) Case No. CIV-11-12-M
)
HEUBEL MATERIAL HANDLING )
INC., a Missouri Corporation, )
)
                                             Defendant. )

## **ORDER**

Before the Court is plaintiff's Application for Leave to File Its First Amended Class Action Complaint, filed April 7, 2011. On April 28, 2011, defendant filed its response and objection, and on May 5, 2011, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (internal quotations omitted).

Plaintiff moves for leave to amend its complaint to include all nationwide individuals and/or entities who received facsimiles from defendant. In its response, defendant asserts plaintiff's application should be denied because the alleged amendments are futile. Specifically, defendant contends that plaintiff does not limit the class of plaintiffs to persons or entities who received unsolicited facsimile advertisements and, thus, proposes to represent a purported class of plaintiffs who do not have a cause of action under the Telephone Consumers Protection Act ("TCPA"), 47 U.S.C. § 227. Further, defendant contends that plaintiff purports to define the nationwide class action to include alleged conduct occurring as far back as August 1, 2006, two and a half months outside the applicable statute of limitations period.

In its reply, plaintiff states that its counsel has contacted defendant's counsel and has discussed the matter and resolved that the correct date on the limitation of the action is November 18, 2006. In its reply, plaintiff also contends that under the TCPA, the violations alleged by plaintiff do not require the facsimile advertisement to be unsolicited; a person or entity that received a facsimile, upon request, would have a claim if the advertisement did not contain the proper opt-out language as required by the TCPA.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's proposed amendments, upon the correction of the limitation date to November 18, 2006, are not clearly futile. The Court, therefore, finds that plaintiff should be granted leave to amend its complaint.

Accordingly, the Court GRANTS plaintiff's Application for Leave to File Its First Amended Complaint [docket no. 25]. Plaintiff shall file its First Amended Complaint within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 6th day of May, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE