**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KETCH, INC., an Oklahoma Corporation, on Behalf of Itself and All Others Similarly Situated, )<br>)<br>)<br>)<br>          Plaintiff,          )<br>)<br>vs.          )          Case No. CIV-11-12-M<br>)<br>HEUBEL MATERIAL HANDLING INC., )<br>a Missouri Corporation,          )<br>)<br>          Defendant.          ) | |

## ORDER

Before the Court is plaintiff's Motion to Compel, filed August 22, 2011. On September 12, 2011, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In this case, plaintiff alleges violations of the Telecommunications Consumer Protection Act and the Junk Fax Protection Act. Specifically, plaintiff alleges that defendant transmitted by telephone facsimile machine an unsolicited advertisement to a facsimile machine owned by plaintiff and that plaintiff received the facsimile without giving defendant its prior express invitation or permission to receive such advertising material. *See* First Amended Class Action Complaint [docket no. 29] at ¶¶ 3-4. Plaintiff further alleges that it received the facsimile without any opt-out notice on the first page and insufficient opt-out notice otherwise on the facsimile advertisements or on the cover page. *See id.* at ¶ 6. Plaintiff also alleges that it believes that in the last four years defendant has sent similar unsolicited advertisements via facsimile to other individuals and businesses throughout the United States without any opt-out notice on the first page and insufficient opt-out

notice otherwise on the facsimile advertisement or on the cover page and seeks to bring this action as a class action on behalf of itself and all others similarly situated. *See id.* at ¶¶ 5, 7.

On March 11, 2011, plaintiff served its First Set of Interrogatories, Requests for Production, and Requests for Admission on defendant. Defendant objected to certain of the interrogatories and requests for production. Plaintiff now moves the Court to compel defendant to respond to Interrogatory Nos. 1 and 23 and Request for Production Nos. 1 and 2.

II.     Discovery Requests at Issue

Interrogatory No. 1 states: "Please provide the fax numbers, names, and addresses of all persons, businesses, or other entities to whom Heubel Material Handling, Inc., faxed advertisements, or which were faxed on Heubel Material Handling, Inc.'s behalf by any entity between October 13, 2006 and October 12, 2010."[1]

Interrogatory No. 23 states: "Please state how many other facsimile advertisements Heubel Material Handling, Inc., or any entity acting on its behalf, sent similar to the document attached as Exhibit A to the original Class Action Petition filed in Oklahoma County District Court."

Request for Production No. 1 states: "Produce a full list of fax numbers used in any fax advertisement used by you or your representative in any fax advertisements between October 13, 2006, and October 12, 2010."[2]

Request for Production No. 2 states: "Produce a copy of all the various fax advertisements faxed to the numerous individual faxes."

---

[1] Plaintiff has since limited the time period of this interrogatory to November 18, 2006 to November 18, 2010.

[2] Plaintiff has since limited the time period of this request for production to November 18, 2006 to November 18, 2010.

III.    Discussion

"At the pre-class certification stage, discovery in a putative class action is generally limited to certification issues". *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)). "[D]iscovery on the merits should not be had prior to the pre-certification issue." *Rodriguez v. Banco Cent.*, 102 F.R.D. 897, 903 (D.P.R. 1984).

Plaintiff contends that the information sought in the above discovery requests is relevant.[3] Specifically, plaintiff asserts that the fax list requested in Interrogatory No. 1 and Request for Production No. 1 is the foundation to establish two very important and relevant areas of information: (1) the total volume of faxes sent, which has a direct bearing on the "numerosity" class certification requirement, and (2) the identification of the recipient, which has a direct bearing on the "definiteness" class certification requirement.

Because it is not challenging plaintiff's class action allegations on either numerosity or definiteness grounds, defendant contends that pre-certification discovery on those topics is moot, irrelevant, unnecessary, and unduly burdensome. Defendant further contends that discovery of a fax list or other "similar" advertisements is not discovery related to class certification issues but is discovery into the merits of plaintiff's claim. Additionally, defendant contends that identification of class members is not relevant unless and until a class is certified.

Having carefully reviewed the parties' submissions, the Court finds the discovery requests at issue are premature at this time. Because defendant is not challenging class certification on either

---

[3]Beyond noting that the information sought in Interrogatory No. 23 and Request for Production No. 2 is relevant, plaintiff provides no further argument as to how such information is relevant.

numerosity or definiteness grounds - the only specific grounds for relevancy set forth in plaintiff's motion to compel – the Court finds that discovery on those topics is moot, irrelevant, and unnecessary. Further, the Court finds that until a class is certified, there is no need for the production of a fax list to identify members of the class. Additionally, the Court finds that any discovery regarding the content or number of advertisements sent during the proposed class period goes to the merits of the case rather than the requirements for class certification and, thus, is premature prior to class certification.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Compel [docket no. 39].

**IT IS SO ORDERED this 28th day of September, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE